## Good v. Birdsboro Steel Foundry and Machine Co.

*Clarence C. Mendelsohn*, for claimant.

*John D. Glase, Richard A. Bausher* and *Stevens & Lee*, for defendant.

HESS, J., February 21, 1958.—Claimant, William H. Good, filed a petition under the Pennsylvania Occupational Disease Act, seeking to recover an award for total and permanent disability resulting from silicosis caused by his exposure to a silica hazard during his employment as a moulder with Birdsboro Steel Foundry & Machine Company. An award was made to him

and no question is raised concerning the propriety of the allowance for disability. Defendant questions the legality of the portion of the order allowing certain witness fees to two medical witnesses who testified on behalf of claimant. In each case the referee directed defendant to pay as part of the costs the sum of $50 to the medical witness for one day of testimony. The board on appeal reviewed the matter and reduced the allowance for medical witness fees to $25 for each witness. Defendant contends that the law limits witness fees in the case of physicians to $5 per day. Claimant argues that the witness fees were properly allowed under the provisions of rule 33(a) of the Rules of the Workmen's Compensation Board of Pennsylvania, effective March 30, 1956, which in part provides that: "In any proceeding before the referee the successful party may be entitled to recover, as costs, the reasonable cost of procuring the attendance of necessary witnesses. . . ."

The legislature, in the Act of July 21, 1919, P. L. 1077, sec. 24, 77 PS §171, in providing for the allowance of witness fees in cases involving workmen's compensation, established an allowance of $1.50 per day as the fee to be awarded to witnesses generally and in the same section stated: "Any physician when called as a witness and required to attend before the board or any referee shall receive for each day's attendance the sum of five dollars, . . ."

By the Witness Act of July 21, 1941, P. L. 425, 28 PS §416.1, et seq., the legislature established a uniform system throughout the Commonwealth for the compensation of witnesses, and in section 12 expressly repealed section 24 of the Act of July 21, 1919, supra: ". . . in so far as it relates to the amount of per diem compensation of witnesses, *other than physicians* . . ." (Italics supplied). This was reasonable in view of the

fact that the Act of 1941 allowed fees to witnesses generally in the sum of $3 per day, and the fees allowable to physicians in compensation cases had been set at the higher rate of $5 per day by virtue of the Act of 1919, supra.

Claimant contends, however, that rule 33 (a), supra, authorizes the board to allow higher compensation to physicians. Under the Act of July 21, 1919, supra, sec. 16, 77 PS §112, the board is authorized ". . . to make all proper and necessary rules and regulations for the legal and judicial procedure of the bureau. . . ."

"The power of an administrative agency to prescribe rules and regulations under a statute is not the power to make law, but only the power to adopt regulations to carry into effect the will of the Legislature as expressed by the statute. . . .": Commonwealth v. DiMeglio, 385 Pa. 119, 124.

"If possible, the construction of such rules and regulations, as well as the rules and regulations themselves, must be consistent with the law": Lancaster Transportation Co. v. Pennsylvania Public Utility Commission, 169 Pa. Superior Ct. 284, 295. In view of the fact that the legislative mandate clearly provides a definite fee of $5 per day for physicians who testify as witnesses in workmen's compensation cases, rule 33 (a), supra, must be construed to limit "the reasonable cost of procuring the attendance of necessary witnesses," when applied to physicians, to $5 per day.

The Act of July 21, 1941, supra, sec. 9, 28 PS §416.9, permits a witness ". . . who gives expert testimony to receive additional per diem compensation therefor *not taxable as costs, . . . .*" (Italics supplied). Conceivably, the board could by rule provide for the allowance of additional fees to expert witnesses, including physicians, at a higher and more reasonable rate consistent with present day standards and money values, but we

conclude that under no circumstances may the board tax such additional allowance as witness costs against any of the parties. If the law is to be changed it is a matter of legislative concern and cannot be accomplished by judicial decision or by rule of the board.

And now, February 21, 1958, the appeal of defendant from the order of the workmen's compensation board taxing the costs against defendant of witness fees for two physicians at $25 for one day as to each witness is sustained, and the fee of each physician is fixed at $5, and as thus reduced defendant is directed to pay the costs.